**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE CONNECTICUT LIGHT AND POWER COMPANY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CLAIRE E. COLEMAN, in her official capacity as Counsel of the Connecticut Office of Consumer Counsel, et al.,<br><br>*Defendants*. | No. 3:26-cv-01034-SFR<br><br><br><br><br>September 25, 2026 |

**Defendants' Memorandum of Law in Support of Joint Motion to Stay Discovery**

Defendants raise substantial arguments in their Joint Motion to Dismiss challenging this Court's subject-matter jurisdiction over this case, arguing that Eleventh Amendment sovereign immunity is a jurisdictional bar to this action and that Plaintiffs have also failed to allege facts establishing an Article III injury permitting them to sue here. These arguments strongly support staying all discovery until this Court decides that motion; Defendants should not be burdened by discovery until this Court determines whether it has jurisdiction to preside over this action. Indeed, "a state has a right to an early determination of the [sovereign immunity] issue" because "the essence of the immunity is the possessor's right not to be haled into court -- a right that cannot be vindicated after trial." *Smith v. Reagan*, 841 F.2d 28, 30 (2d Cir. 1988). Permitting discovery to proceed here would thus nullify one of the primary reasons that states, and state officials sued in their official capacities, have sovereign immunity. Sovereign immunity "'is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery.'" *Estate of Anderson-Coughlin v. United States*, No. 3:16-cv-01492 (JAM), 2017 U.S. Dist. LEXIS 212433, at *19 (D. Conn. Dec. 28, 2017) (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)).

A stay of discovery is, then, necessary to avoid potentially nullifying Defendants' sovereign immunity, especially here where Plaintiffs propose taking all the discovery they require from Defendants within the next three months, before the Joint Motion to Dismiss will be fully briefed and so before this Court could even consider Defendants' sovereign immunity arguments. *See* Form 26(F) Report of Parties' Planning Meeting, ECF No. 51 at 12 (proposing that discovery commence immediately and conclude by December 29, 2026). Further, Plaintiffs will not be prejudiced by a brief stay in the early stages of this case. There is thus substantial good cause establishing that this Court should stay all discovery until it rules on the Joint Motion to Dismiss, permitting discovery to begin 30 days after that ruling if any claims survive it.

## I. Background

As Defendants explain in more detail in their Joint Motion to Dismiss, Plaintiffs here seek a declaration that Conn. Gen. Stat. § 16-244gg is unconstitutional and an injunction preventing all Defendants from enforcing it. *See* Defendants' Memorandum of Law in Support of Joint Motion to Dismiss Amended Complaint, ECF No. 52-1, Section I.A-C [hereinafter Joint. Mot. Mem.]. Section 16-244gg requires that "[o]n and after July 1, 2025, no electric distribution company shall own or control transmission facilities, as defined in subdivision (1) or (4) of subsection (a) of section 16-50i and located in the state unless such company participates in the regional independent system operator." Conn. Gen. Stat. § 16-244gg(b). Plaintiffs are electric distribution companies subject to this requirement because they own transmission facilities located in Connecticut. Amended Complaint, ECF No. 21 ¶¶ 56, 87 [hereinafter "AC"]. But Section 16-244gg requires Plaintiffs to do no more than what they have done since they first joined Connecticut's regional independent system operator in 2004. And they allege no facts suggesting that they intend to do the only thing that Section 16-244gg prohibits: ceasing their participation in the regional independent system operator or its successor while retaining both (1) ownership or control of Connecticut transmission facilities and (2) their statuses as

Connecticut electric distribution companies. In part because Plaintiffs have not alleged these facts, Defendants argue that Plaintiffs' entire Amended Complaint must be dismissed for lack of subject-matter jurisdiction for two independent reasons, and thus a stay of discovery is warranted here until the Court considers these arguments.

First, Defendants are all state officials sued in their official capacities. AC ¶¶ 30-37. They are thus protected from suit by Eleventh Amendment sovereign immunity. *Walden v. Kosinski*, 153 F.4th 118, 133 (2d Cir. 2025) ("It is well-settled that [a]n action against a state official in his official capacity is deemed an action against the state itself . . . which possesses sovereign immunity under the Eleventh Amendment. (internal quotation marks omitted)). And this Court thus lacks subject-matter jurisdiction to hear this case unless Plaintiffs meet their burden of establishing that an exception to that immunity applies here. *Ossen v. Dep't of Soc. Servs.*, 361 F.3d 760, 765 (2d Cir. 2004) (Eleventh Amendment is a "jurisdictional limitation on the power of federal courts" that "effectively places suits by private parties against states," and against state officials in their official capacities, "outside the ambit of Article III of the Constitution."); *Mallison v. Conn. Office of Early Childhood*, 634 F. Supp. 3d 21, 30 (D. Conn. 2022) (once defendants establish initial entitlement to sovereign immunity, "plaintiff bears the burden of establishing that an exception to sovereign immunity applies").

In their Joint Motion to Dismiss, Defendants argue that Plaintiffs have failed to allege facts establishing that the exception to the Eleventh Amendment's jurisdictional bar on which they rely—the narrow exception in *Ex parte Young*, 209 U.S. 123 (1908)—applies to any Defendant. *See* Joint. Mot. Mem., Section III.A. The Consumer Counsel, former DEEP Commissioner, and Attorney General are improper *Ex parte Young* defendants because they do not possess the particular duty and authority to enforce Section 16-244gg. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 46 (2021) ("*Ex parte Young* . . . permits equitable relief against only those officials who possess authority to enforce a challenged state law."). And the Public Utilities Regulatory Authority ("PURA") Commissioners are

improper *Ex parte Young* defendants, too, because Plaintiffs have not alleged facts suggesting that there exists a specific and credible threat that PURA will enforce Section 16-244gg against them. "The Second Circuit has allowed plaintiffs to invoke the *Ex parte Young* exception to the Eleventh Amendment bar on federal court jurisdiction where state officials are *actively violating* federal law or *imminently threatening acts* that the plaintiff challenges as unconstitutional." *Goodspeed Airport, LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*, 632 F. Supp. 2d 185, 188 (D. Conn. 2009) (collecting cases, emphases added). Plaintiffs have not alleged that they intend to do, now or in the future, the only act that Section 16-244gg prohibits—leaving the relevant regional transmission organization while retaining ownership or control of Connecticut transmission facilities—so there is no credible threat of its enforcement against them by PURA, no current or imminently threatened act to enjoin, and so no basis to invoke *Ex parte Young* as to the PURA Commissioners. Defendants thus have a substantial argument that this entire action is barred by their Eleventh Amendment sovereign immunity.

Second, Defendants argue that Plaintiffs' two alleged injuries fail to establish Article III standing for the injunctive and declaratory relief they seek here. Joint. Mot. Mem., Section III.B; *see* AC ¶ 21 (describing two injuries). Plaintiffs' first alleged injury, certain alleged harms to their statutory, contractual, and property rights arising from enforcement of Section 16-244gg's requirements, is not traceable to the non-PURA Defendants, or remediable by the relief Plaintiffs seek against these Defendants, as they all lack enforcement authority. *Greater Chautauqua Fed. Credit Union v. Marks*, 600 F. Supp. 3d 405, 423 (S.D.N.Y. 2022) ("'[W]hen a plaintiff brings a pre-enforcement challenge to the constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision.'" (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1110 (10th Cir. 2007) (collecting cases))).

Nor does this first alleged injury establish standing to sue the PURA Commissioners. Plaintiffs in a pre-enforcement suit must establish the required injury-in-fact by demonstrating "(1) an intention to engage in a course of conduct arguably affected with a constitutional interest; (2) that the intended conduct is proscribed by the challenged law; and (3) that there exists a credible threat of prosecution thereunder." *Vitagliano v. County of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023) (internal quotation marks omitted). Plaintiffs here have not alleged any facts suggesting that they intend to engage in the only course of conduct arguably proscribed by Section 16-244gg, and so they have failed to meet their burden of establishing an injury-in-fact traceable to PURA arising from their first alleged injury. And the EDCs' second alleged injury—that a complaint the Defendants' agencies filed with the Federal Energy Regulatory Commission ("FERC") threatens their rates and operations—does not establish standing, either. FERC's exercise of independent, uncoerced, and exclusive judgment in adjudicating that complaint breaks the chain of causation necessary to establish traceability. *See Walden*, 153 F.4th at 131 (when third party exists in chain of causation and inflicts injury, plaintiff must establish causation by showing that defendant induced the injury "by determinative or coercive effect upon the action of" the third party (quoting *Bennett v. Spear*, 520 U.S 154, 169 (1997))). Defendants thus also have a substantial argument that Plaintiffs lack Article III standing to bring this action.

Defendants' sovereign immunity and standing arguments are strong, and each is independently sufficient to support this Court dismissing the entire Amended Complaint. Under these circumstances, this Court should not require Defendants to bear the burden of discovery until after it determines whether it has subject matter jurisdiction over them. Plaintiffs will not suffer any prejudice from this requested stay, as a short stay pending the Court's ruling on the Joint Motion to Dismiss will not prevent them from conducting discovery on any claims that survive the Court's ruling.

## II. Legal Standard

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). "[A] request for a stay of discovery pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause," and the party seeking the stay must demonstrate good cause for it. *Depaul v. Kimberly-Clark Corp.*, No. 3:24-CV-271 (KAD), 2025 U.S. Dist. LEXIS 151911, at *4 (D. Conn. Aug. 7, 2025) (internal quotation marks omitted).

When a party seeks a stay of discovery pending resolution of a dispositive motion, courts consider "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Depaul*, 2025 U.S. Dist. LEXIS 151911, at *5 (internal quotation marks omitted); *accord Dome Tech., Ltd. Liab. Co. v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-cv-01607-VAB, 2017 U.S. Dist. LEXIS 233337, at *3 (D. Conn. July 24, 2017) ("Courts consider three factors when determining whether a stay of discovery pending a dispositive motion is appropriate: 1) Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) The breadth of discovery and the burden of responding to it; and 3) The risk of unfair prejudice to the party opposing the stay."). "Courts may also consider the nature and complexity of the action[,] the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation." *Dome Tech.*, 2017 U.S. Dist. LEXIS 233337, at *3.

## III. Argument

All factors support staying discovery pending the Court's decision on Defendants' Joint Motion to Dismiss.

### A. Defendants' Joint Motion to Dismiss is strong, and its substantial arguments weigh in favor of a stay.

As to the first factor, when courts evaluate the strength of a pending motion to dismiss while determining whether to stay discovery, they "look to see whether there are substantial arguments for dismissal, or, stated differently, whether there has been a strong showing that the plaintiff's claim is without merit." *Depaul*, 2025 U.S. Dist. LEXIS 151911, at *6 (internal quotation marks omitted).[1] Courts need not "predict the outcome of the motion to dismiss." *ITT Corp. & Goulds Pumps, Inc. v. Travelers Cas. & Sur. Co.*, No. 3:12CV38(RNC), 2012 U.S. Dist. LEXIS 100033, at *9 (D. Conn. July 18, 2012) (Martinez, M.J.). Instead, the analysis required for this factor is "narrowly focused on whether Defendants raise substantial arguments in favor of dismissal and whether or not those arguments are founded in law." *Mazzola v. Anthem Health plans, Inc.*, No. 3:25-cv-1433 (OAW), 2026 U.S. Dist. LEXIS 85563, at *9 n.6 (D. Conn. Apr. 17, 2026) (Richardson, M.J.).

Defendants have moved to dismiss the entire Amended Complaint on two different subject-matter jurisdictional grounds. As discussed above, these arguments are substantial and support staying discovery here. In particular, Defendants' Eleventh Amendment sovereign immunity argument weighs strongly in favor of a stay of discovery. Sovereign immunity "does not merely constitute a defense to monetary liability or even to all types of liability," but instead "provides an immunity from suit" as a whole. *FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). That is why "a state has a right to an early determination of the [sovereign immunity] issue"; "the essence of the immunity is the possessor's right not to be haled into court -- a right that cannot be vindicated after trial." *Smith v. Reagan*, 841 F.2d 28, 30 (2d Cir. 1988); *accord R.I. Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 54 (1st Cir. 2002) ("the state's immunity is not merely a defense from liability; it is a safeguard against being subjected

[1] In *Depaul*, Judge Dooley observed that there are several different formulations of the standard applied to this merits factor in the Second Circuit and synthesized them, noting that "these varied articulations for assessing the 'merits' factor are not so different as to counsel alternative outcomes in most cases." *Depaul*, 2025 U.S. Dist. LEXIS 151911, at *6.

to the coercive process of judicial tribunals at the instance of private parties," so "[i]f a state cannot assert its immunity in the earliest stages of the adjudication, much of the benefit conferred by that immunity is irretrievably lost" (internal quotation marks omitted)).

Sovereign immunity thus "'is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery.'" *Estate of Anderson-Coughlin v. United States*, No. 3:16-cv-01492 (JAM), 2017 U.S. Dist. LEXIS 212433, at *19 (D. Conn. Dec. 28, 2017) (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)); *see Nowacki v. Town of New Canaan*, No. 3:16-cv-00407 (JAM), 2017 U.S. Dist. LEXIS 44908, at *17 (D. Conn. Mar. 28, 2017) ("If the State has sovereign immunity, it is not properly subject even to the continuing burdens of remaining a party to litigation, much less the prospect of a later judgment against it."). Consequently, "the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice" and States are subjected to discovery. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993). Indeed, this observation is why the Second Circuit determined that a district court holding in abeyance its decision on whether a defendant had sovereign immunity "pending the completion of all discovery in the case" was "the district court effectively den[ying] that right." *Reagan*, 841 F.2d at 31 (reversing district court and ordering it to decide sovereign immunity issue "forthwith").

A substantial Eleventh Amendment sovereign immunity argument in a motion to dismiss, such as the one made in the Joint Motion to Dismiss, thus strongly supports staying discovery until that motion is decided. *See Gomes v. Angop*, No. 11-CV-0580 (DLI) (JO), 2011 U.S. Dist. LEXIS 53259, at *3 (E.D.N.Y. May 18, 2011) (Orenstein, M.J.) (granting motion to stay discovery based in part on defendants' "substantial basis for asserting an immunity defense")*; Powell v. Bank of N.Y. Mellon*, No. 25-CV-02178 (GRB) (JMW), 2025 U.S. Dist. LEXIS 209106, at *5-6 (E.D.N.Y. Oct. 23, 2025) (Wicks,

M.J.) (determining that first factor weighed in favor of stay in part because a defendant would "likely succeed" on its 12(b)(1) motion based on Eleventh Amendment sovereign immunity).

Beyond sovereign immunity, Defendants have also argued that Plaintiffs lack standing to bring this suit against any Defendant. Either of these arguments, if successful, will dispose of the entire Amended Complaint. "[W]hen assessing the 'strength of the dispositive motion' under the more stayfriendly formula, courts have considered whether the motion is likely to dispose of the entire case." *Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-cv-00933 (JAM), 2023 U.S. Dist. LEXIS 126690, at *11 (D. Conn. July 24, 2023) (Farrish, M.J.). When a pending motion to dismiss would dispose of the entire case, as is the case here, the strength factor weighs more heavily in favor of a stay. *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 11 (E.D.N.Y. 2024) ("Where . . . defendants have presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate." (internal quotation marks omitted)); *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"); *Renois v. WVMF Funding, LLC*, No. 20cv09281 (LTS) (DF), 2021 U.S. Dist. LEXIS 83397, at *3 (S.D.N.Y. Apr. 30, 2021) (Freeman, M.J.) (noting that 12(b)(1) motion, "if granted, would result in the dismissal of the entire action," which weighed "in favor of a stay").

And when a pending motion to dismiss argues that a court lacks subject-matter jurisdiction, as is also the case here, courts must be "mindful of [their] obligation not to proceed unnecessarily with merits discovery in a case over which [they] may lack subject matter jurisdiction" when "balancing the various [stay] factors." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013); *accord Renois*, 2021 U.S. Dist. LEXIS 83397, at *2-3 (the "arguments set forth in the Rule 12(b)(1) dismissal motion are colorable and raise threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring suit," which weigh "in favor of a stay of discovery

pending the outcome of the jurisdictional motion"). Accordingly, both the scope (addressing all claims) and type (challenging subject-matter jurisdiction) of arguments in Defendants' Joint Motion to Dismiss weigh heavily in favor of a stay of discovery here until the Court rules on that motion.

### B. Plaintiffs seek rapid and burdensome discovery into the internal analyses and deliberations of Defendants' agencies, and seek to limit all discovery to a three-month period, which weighs in favor of a stay.

Regarding the second factor, cases in which "discovery will be time-consuming, burdensome and expensive" often warrant a brief stay pending a decision on a "potentially dispositive" motion to dismiss. *ITT Corp.*, 2012 U.S. Dist. LEXIS 100033, at *10. Where a motion may well end or at least significantly narrow the dispute, it makes little sense to permit discovery that imposes undue burdens on defendants and is inefficient for both parties. *Cuartero v. United States*, No. 3:05CV1161 (RNC), 2006 U.S. Dist. LEXIS 79641, at *7 (D. Conn. Nov. 1, 2006) (Martinez, M.J.); *Rivera v. Heyman*, 96 Civ. 4489 (PKL), 1997 U.S. Dist. LEXIS 2003, at *3 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

The usual concern about the burdens of discovery is heightened here because Defendants have asserted in their Joint Motion to Dismiss that their Eleventh Amendment sovereign immunity bars this entire action. As discussed above, that immunity protects state defendants from the "burdens of discovery." *See Anderson-Coughlin*, 2017 U.S. Dist. LEXIS 212433, at *19 (internal quotation marks omitted). Subjecting Defendants to discovery before a court has determined whether that immunity applies thus effectively (and irreparably) denies Defendants much of that immunity even if the court later determines that the action against them is barred by sovereign immunity. *Reagan*, 841 F.2d at 31.

The way in which Plaintiffs intend to conduct discovery here illustrates why that is the case. Plaintiffs identified 8 broad topics that they would like to inquire into via requests for production and

admission. Form 26(F) Report of Parties' Planning Meeting, ECF No. 51 at 9-10. Several of the topics Plaintiffs seek discovery on will likely involve burdensome and difficult searches of Defendants' agencies' internal legal and policy analyses, and related communications over a long period, and it is likely that many of these materials will be privileged. *See, e.g., id.* (seeking all "[e]conomic and cost-benefit analyses regarding the economic effects of mandatory or voluntary participation in ISO-NE by electric distribution companies in Connecticut" without limitation, "[e]valuations concerning Section 28 of Senate Bill 4 (P.A. No. 25-173); assessing the legal, regulatory, economic, reliability or policy implications of that provision or any similar proposals," "[c]ommunications relating to Section 28 of Senate Bill 4 (P.A. No. 25-173)," and "[d]ocuments relating to testimony and/or advocacy by the Office of Consumer Counsel regarding RTO adders"). This kind of intrusive discovery into the internal deliberations of state agencies imposes a significant burden on them.

This already-significant burden is heightened by Plaintiffs' proposal that "[d]iscovery should commence immediately" and conclude by December 29, 2026. *Id.* at 12. This proposal establishes that Plaintiffs intend to take all the discovery they feel is necessary to put on their case within the next three months. The Court is unlikely to decide Defendants' Joint Motion to Dismiss by December 2026; the motion will likely not even be fully briefed until that month. *See id.* at 16 (parties jointly proposing motion to dismiss briefing schedule that has motion fully briefed on December 9, 2026). If this Court does not stay discovery, then, Defendants will be burdened in the next few months by responding to all the discovery Plaintiffs wish to take, effectively denying Defendants much of their sovereign immunity right to not be burdened by this litigation even if the Court later grants Defendants' Joint Motion to Dismiss.

Additionally, if discovery is not stayed pending the Court's decision on the Joint Motion to Dismiss, Defendants will need to begin taking substantial discovery to understand the facts allegedly supporting Plaintiffs' Takings Clause and Contracts Clause claims, just in case they must defend

Plaintiffs' claims on the merits. *Id.* at 10-12 (identifying 8 broad discovery topics). Without a stay, then, Defendants will be burdened by the need to both respond to Plaintiffs' discovery requests and propound discovery of their own, burdens that sovereign immunity protects state officials sued in their official capacities from unless a court determines that an exception to that immunity exists. The sovereign immunity argument in Defendants' Joint Motion to Dismiss thus strongly supports staying discovery here. Failing to do so would deny the Defendants much of the benefit of their immunity even if they later prevailed on their Joint Motion to Dismiss. *See Edrei v. Maguire*, 892 F.3d 525, 532 (2d Cir. 2018) (in discussing qualified immunity, noting that "[t]he Supreme Court has repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation" (internal quotation marks omitted)).

### C. A brief stay of discovery will not prejudice Plaintiffs.

On the third factor, given the early stage of this case, Plaintiffs will not suffer any prejudice from a brief stay of discovery while the Court considers Defendants' Joint Motion to Dismiss. Courts have often stayed discovery during the pendency of a motion to dismiss and found any prejudice from such a short stay at the beginning of a case to be "minimal." *Cuartero*, 2006 U.S. Dist. LEXIS 79641, at *7; *accord Sharma v. Open Door NY Home Care Servs.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (finding Plaintiff will "suffer little prejudice as a result of a stay" where "Defendant's motion will be fully briefed in less than two months" and "this case is still in its early stages"); *Dunning v. Supergoop, LLC*, No. 23 Civ. 11242, 2024 U.S. Dist. LEXIS 93748, at *3-4 (S.D.N.Y. May 22, 2024) (finding prejudice of a stay "minimal" because "this case is still in its early stages and the motion to dismiss will be fully briefed in just over a month's time").

Likewise, this case is still in its early stages, and the Defendants' Joint Motion to Dismiss will be fully briefed soon. Any prejudice to Plaintiffs from a short stay of discovery will be minimal, especially given that they waited almost a year after Section 16-244gg's effective date before bringing

this action. *Compare* Conn. Gen. Stat. § 16-244gg(a) (effective "[o]n and after July 1, 2025) *with* ECF No. 1 (Complaint filed June 29, 2026). Indeed, "it is well-settled that delay alone cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Depaul*, 2025 U.S. Dist. LEXIS 151911, at *9 (internal quotation marks omitted); *Bank of N.Y. Mellon*, 2025 U.S. Dist. LEXIS 209106, at *9 ("Mere delay in the litigation does not establish undue prejudice." (internal quotation marks omitted)). On the other hand, a brief stay while a court considers a substantial motion to dismiss can forestall "potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *ITT Corp.*, 2012 U.S. Dist. LEXIS 100033, at *6.

## IV. Conclusion

All three primary factors support staying discovery in this case, so there is substantial good cause to do so. The Defendants thus request that this Court stay all discovery until 30 days after it rules on Defendants' Joint Motion to Dismiss.

DEFENDANTS

KATHERINE S. DYKES, in her official capacity as Commissioner of the Department of Energy & Environmental Protection

/s/ William E. Dornbos
William E. Dornbos (ct32049)
Assistant Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel: (860) 808-5189
Fax: (860) 772-5386
william.dornbos@ct.gov
*Counsel for Katherine S. Dykes, former Commissioner of the Department of Energy & Environmental Protection*

THOMAS WIEHL, DAVID ARCONTI, JANICE BEECHER, HOLLY CHEESEMAN, and EVERETT SMITH, in their official capacities as Public Utilities Regulatory Authority Commissioners

/s/ Joshua Britt
Joshua P. Britt (ct31625)
Seth A. Hollander (ct28857)
Assistant Attorneys General
165 Capitol Ave.
Hartford, CT 06106
Tel: (860) 808-5052
Fax: (860) 772-1709
joshua.britt@ct.gov
seth.hollander@ct.gov
*Counsel for Public Utilities Regulatory Authority Commissioners*

CLAIRE E. COLEMAN, in her official capacity as Consumer Counsel of the Connecticut Office of Consumer Counsel

/s/ Andrew W. Minikowski
Andrew W. Minikowski (ct30302)
Agency Legal Director
James M. Talbert-Slagle (ct26542)
Staff Attorney
10 Franklin Sq.
New Britain, CT 06051
Tel: (860) 827-2924
Fax: (860) 827-2929
andrew.minikowski@ct.gov
james.talbert-slagle@ct.gov
*Counsel for Claire E. Coleman, Consumer Counsel of the Connecticut Office of Consumer Counsel*

WILLIAM TONG, in his official capacity as Attorney General of the State of Connecticut

/s/ John Wright
John S. Wright (ct13348)
Caroline R. McCormack (application for admission forthcoming)
Assistant Attorneys General
10 Franklin Sq.
New Britain, CT 06051
Tel: (860) 827-2684
Fax: (860) 808-5593
john.wright@ct.gov
caroline.mccormack@ct.gov
*Counsel for William Tong, Attorney General for the State of Connecticut*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, a copy of the foregoing was served by e-mail on all counsel of record in this action by operation of the Court's Electronic Filing System as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Joshua P. Britt*
Joshua P. Britt
Assistant Attorney General